Joseph A. Cardella, Esq. [SBN 185524]
THE LAW OFFICE OF JOSEPH A. CARDELLA
28241 Crown Valley Parkway, Suite F-286
Laguna Niguel, CA 92677
Telephone: (310) 595-4482
E-mail: CardellaLaw@gmail.com

Attorney for Plaintiff,
LEO GOLDBERG



FILED
2024 MAR 15 PM 3:52
CLERK U.S. DISTRICT COURT
CENTRAL DIST. CALIF.
LOS ANGELES

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

THE UNITED STATES OF AMERICA,
*Ex rel*, LEO GOLDBERG,

    Plaintiff,

vs.

TETRA TECH, INC., a Delaware corporation; and DOES 1 through 100 inclusive,

    Defendants.

Case No. CV24 2152-DMG(ADSx)

**COMPLAINT FOR**

1. **VIOLATION OF THE FEDERAL FALSE CLAIMS ACT (*31 U.S.C. §§3729 et seq.*)**

[FILED UNDER SEAL PURSUANT TO – Federal: *U.S.C.* §3730(b)(2)]

**JURY TRIAL DEMANDED**

    Plaintiff and Relator, Leo Goldberg, for his Complaint against defendants TETRA TECH, INC. and DOES 1 through 100 (collectively the "Defendants"), alleges as follows:

## I. INTRODUCTION

    1.    This is an action to recover damages and civil penalties on behalf of the United States of America and their agencies who have been damaged as a result of the conduct alleged below, pursuant to the "qui tam" provisions of the United States of America False Claims Act, *U.S.C.* §§3729 et seq. (the "Federal False Claims Act").

///

2. The Federal False Claims Act provides that an individual or entity that submits false or fraudulent claims for payment from the government or any political subdivision thereof is liable for three times the amount of any damages sustained as a result, as well as civil penalties for each false and fraudulent claim submitted. The False Claims Act allows any person having information regarding a false or fraudulent claim against the Federal government to bring an action for himself (the "Relator") and for the Federal government, and for him to share in any recovery. This Complaint is filed under seal for 60 days (without service on the Defendants during the period) to enable the Federal Government (a) to conduct their own investigation without the Defendants' knowledge, and (b) to determine whether to join the action.

3. The California Public Insurance Adjusters Act requires certain insurance claims to be adjusted by licensed, qualified third-party adjusters. This Act subjects any person or entity in violation of the section to monetary penalties. (*Cal. Ins. Code* §§15006-15032.)

4. The California Unfair Business Practices Act prohibits unlawful, unfair and/or fraudulent business practices as alleged herein and entitles Government Plaintiff to injunctive relief and restitution for the violation of this Act.

5. As set out in further detail below, on information and belief and based thereon it is alleged that the Defendants in this matter, in violation of both the California Public Insurance Adjusters Act and California Unfair Business Practices Act, set up a fraudulent scheme wherein they used the Relators license to procure a contract with the County of Los Angeles ("LA County") and thereafter fraudulently invoice with the County to wrongfully obtain money from both the State of California ("State") and United States of America ("USA" or "Federal"). The contract was for the purpose of investigating, evaluating, and adjusting certain insurance losses. LA County requires that the adjustment of losses that are the subject of this litigation be performed by a qualified, licensed Public Adjuster ("PA"). Defendants did hire the Plaintiff and Relator, Mr. Leo Goldberg, and represented to LA County that he was the PA providing services as the PA for TETRA TECH, INC. To be clear TETRA TECH INC. used the license of Mr. Goldberg as well as other PAs to procure the LA County contract and thereafter invoice LA County as though a PA was used to adjust the insurance claims to procure both State and Federal funds from which TETRA TECH INC. was paid

its fees. Neither Mr. Goldberg nor any other PA were ever used to adjust any of the claims and instead, TETRA TECH, INC. used in-house non-licensed, non-qualified employees, paid at a much lower rate, to adjust the insurance claims. Thus, TETRA TECH, INC. fraudulently procured, failed to properly perform, and submitted fraudulent invoices to LA County from which fraudulent scheme TETRA TECH, INC. was paid it fees from both State and Federal funds.

## II. THE PARTIES

6. Plaintiff and Relator, Leo Goldberg ("Goldberg"), is an individual and citizen of the United States of America residing in Orange County, California, who was, and is, at all times relevant to conduct alleged in this Complaint, an experienced, licensed Public Insurance Adjuster fully qualified to adjust the insurance claims that are the subject of this litigation. Goldberg is the original source of and has direct independent knowledge of all publicly disclosed information that the allegations herein are based upon.

7. The Government Plaintiff is the United States of America, and their respective agencies.

8. Upon information and belief and based thereon it is alleged that, defendant TETRA TECH, INC. ("TTI"), is a Delaware corporation with its principal place of business in California located in City of Los Angeles, California. Reference to TTI shall be deemed to include DOES 1 through 100.

9. Qui Tam Plaintiff is ignorant of the true names and capacities, whether corporate, individual, associate, or otherwise of the other defendants or basis for liability of defendants DOES 1 through 100, inclusive, and therefore sues these defendants by fictitious names DOES I through 100, inclusive, pursuant to California *Code of Civil Procedure* § 474.

10. Plaintiff will amend this Complaint to allege their true names, capacities, or basis for liability when the same has been ascertained. Plaintiff is informed and believes and thereon alleges that defendant DOES 1 through 100, inclusive, and each of them, are in some manner liable to Plaintiff. TTI and DOES 1 through 100 are collectively referred to as the "Defendants."

11. Plaintiff is informed and believes and, on that basis, alleges that the Defendants, were at all material times the agents, servants, employees or partners of each of the other defendants and

-3-

COMPLAINT FOR: VIOLATION OF THE FEDERAL FALSE CLAIMS ACT

in doing the things alleged herein said Defendants and each of them, were acting within the course and scope of their agency, and with the consent, approval and/or ratification of each of the other defendants in doing the things alleged herein.

12. Plaintiff is informed and believes and, on that basis, alleges that Defendants, and each of them, ratified, consented to and/or approved the conduct of each of the remaining defendants so named. The obligations and claims sued upon herein occurred in the above-mentioned judicial district, the Central District of California.

### III. JURISDICTION AND VENUE

13. The amount in controversy exceeds the jurisdictional minimum of this court. At all times alleged herein, one of more of the Defendants were residents of, or were doing business in the State of California.

14. Venue is proper because Defendants transact business in the State of California; violations described herein occurred in this state; federal funds are at issue; and where Federal funds are at issue, Plaintiff may file in Federal court.

### IV. THE FRAUDULENT SCHEME AND FALSE CLAIMES

15. In November 2018, a wildfire that ignited in Woolsey Canyon and burned 96,949 acres of land in Los Angeles and Ventura Counties of California and caused extensive damage to homes in those counties (the "Woolsey Fire"). As part of the cleanup efforts, the State, through its Office of Emergency Services, and in cooperation with LA County, operated a debris removal program. Through this program, the State contracted for removal of fire debris from private properties affected by the Woolsey Fire. In exchange, the private property owners were required to assign to LA County any rights to collect on insurance policies with coverage available for fire debris removal from the Woolsey Fire.

16. On or about March 2019, LA County solicited bids on a contract for the processing of these insurance claims and collection of insurance proceeds. In order to obtain the contract (the "Woolsey Fire Contract"), companies were **required to employ and have insurance adjusting services performed by** qualified, licensed PAs.

///

17.  On information and belief and based thereon it is alleged that, in an effort to procure the Woolsey Fire Contract, Defendants submitted a proposal to the County wherein Defendants identified and designated four PA's, including Goldberg, whom Defendants <u>represented</u> to LA County would be used to provide insurance adjusting services for the purpose of investigating, evaluating and adjusting losses that resulted from the Woolsey Fire and based on these representations, Defendants were awarded the Woolsey Fire Contract.

18.  On information and belief and based thereon it is alleged that, the Defendants set up a fraudulent scheme to avoid contractual and statutory requirements to use a PA as required in the Woolsey Fire Contract. On information and belief and based thereon it is alleged that, over several years, TTI continued to <u>misrepresent</u> to the County that Defendants were using PAs to adjust the Woolsey Fire insurance claims and invoiced the County for such services under the Woolsey Fire Contract. However, neither Mr. Goldberg, any of the PAs listed by Defendants to procure the Woolsey Fire Contract, nor any other PAs were ever used by Defendants to adjust the Woolsey Fire insurance claims.

19.  On information and belief and based thereon it is alleged that, the failure to use a PA to adjust the Woolsey Fire insurance claims was more than an oversight: it was a fraudulent scheme concocted by Defendants for the purpose of lining their pockets with profits at the expense of the public, the County, and the Federal government. On information and belief and based thereon it is alleged that, Defendants intentionally purported to hire PAs by promising these PA's full-time employment to entice the PAs to allow Defendants to use the PAs name and license to obtain the Woolsey Fire Contract; Defendants then intentionally represented to LA County that services for the Woolsey Fire Contract would be performed by these licensed PAs; while all along, in violation of both the California Public Insurance Adjusters Act and California Unfair Business Practices Act, Defendants planned to just have their own, less expensive, untrained, unqualified, unlicensed employees perform the actual insurance claim adjustment work at a fraction of the cost of a PA so that TTI could profit from the lower costs.

20.  Unbeknownst to PA's or LA County, however, Defendants never intended to employ any PAs to adjust the Woolsey Fire insurance claims. Nor could Defendants terminate the PAs

COMPLAINT FOR: VIOLATION OF THE FEDERAL FALSE CLAIMS ACT

1  employment because Defendants needed to show LA County that they were still using PAs to adjust
2  the Woolsey Fire insurance claims. As a result, on information and belief and based thereon it is
3  alleged that, during the entire time that Defendants provided insurance adjusting services on the
4  Woolsey Fire Contract, Defendants never used any PAs, but did fraudulently use the PA licenses
5  listed in to misrepresent to LA County that services being provided under the Woolsey Fire Contract
6  (i.e. adjusting the Woolsey Fire insurance claims), were being handled by qualified, licensed PA
7  professionals.

8      21.    The fraudulent scheme concocted by Defendants was not just an oversight or mistake.
9  It was a fraudulent scheme as evidenced by the fact that Mr. Goldberg continued to follow up with
10 Defendants via email communications asking about the status of the Woolsey Fire Contract work
11 and whether Defendants had procured the Woolsey Fire Contract or began providing services.
12 Defendants, over the course of a couple of years, continued to <u>falsely</u> tell Mr. Goldberg that they
13 were either still working on procuring the contract and, once they procured the Woolsey Fire
14 Contract, Defendants told Mr. Goldberg that they had not yet began providing PA services. This is
15 evidenced by both the emails responding to Mr. Goldberg's inquiries as well as Defendants' internal
16 communications where those employees administering the Woolsey Fire Contract were asking how
17 to deal with Mr. Goldberg's inquiries.

18     22.    On information and belief and based thereon it is alleged that, by engaging in the
19 above scheme, Defendants submitted false claims to LA County by promising and failing to employ
20 a team of PAs to obtain a taxpayer funded contract, which included both State and Federal
21 Emergency Management Agency ("FEMA") funds.

22     23.    On information and belief and based thereon it is alleged that, this is not the first time
23 that Defendants used this fraudulent scheme for bidding, receiving and being paid Public Works
24 contracts, as Defendants also failed to use PAs as required by the California *Insurance Code* to
25 provide insurance claim adjustment services for California Counties of Ventura and Calaveras and
26 thereby violated regulations on those contracts as well. On information and belief and based thereon
27 it is alleged that, both the California Counties of Ventura and Calaveras involved both State and
28 Federal (FEMA) funds.

COMPLAINT FOR: VIOLATION OF THE FEDERAL FALSE CLAIMS ACT

24. By not utilizing licensed PA professionals as required of Defendants, the Government has not received services for what they paid for and potentially compromised rights of the public through the use of unqualified, unlicensed adjusters after the public had entrusted the Government with their insurance rights. Further, Defendants' fraudulent scheme also caused other competitors bidding for these contracts to be eliminated. While the Government was defrauded and the public put at risk, Defendants lined their pockets through its fraudulent scheme. Defendants should not be rewarded or otherwise allowed to keep funds received from its intentionally fraudulent conduct.

## V. FIRST CLAIM FOR RELIEF

### Violation of the Federal False Claims Act (*31 U.S.C. §§ 3729 et seq.*)

25. The allegations contained in paragraphs 1 through 24 are incorporated in full as if set forth herein

26. This is a claim for damages and forfeitures under the Federal False Claims Act (*31 U.S.C.* §§ 3729 et seq.).

27. Through the acts described above, the Defendants, their agents and employees, knowingly made, used, and caused to be made and used false records and statements, which also omitted material facts, in order to induce the Government Plaintiff to approve and pay false and fraudulent claims, in part, with Federal funds.

28. The Government Plaintiff, unaware of the falsity of the records, statements, and claims made and submitted by the Defendants, their agents, and employees, and as a result thereof, paid money that they otherwise would not have paid.

29. By reason of the payments made by the Government Plaintiff as a result of the Defendants' fraud, the Government Plaintiff has suffered at least $2.6 million in actual damages.

30. Wherefore, Qui Tam Plaintiff prays for relief as set forth below.

## VI. PRAYER FOR RELIEF

**Qui Tam Plaintiff prays for judgment against the Defendants, and each of them, as follows:**

1. For damages in an amount equal to three times the amount of damages the Government Plaintiff sustained as a result of the Defendants' unlawful conduct;

2. For civil monetary penalties for each false and fraudulent claim submitted to the Government Plaintiff;

3. For an order directing Defendants to make full restitution;

4. For a permanent injunction enjoining the Defendants from violating the Federal False Claims Act;

5. For attorneys' fees and costs, including the Qui Tam Plaintiff's attorneys' fees and costs;

6. For an order awarding the Qui Tam Plaintiff the maximum award allowed by the Federal False Claims Act; and

7. For such other further relief as the Court may deem just and proper.

Plaintiff hereby demands a trial by jury for all claims that are so triable.

DATED: March 14, 2024

THE LAW OFFICE OF JOSEPH A. CARDELLA

By: *Joseph A. Cardella*
Joseph A. Cardella, *Esq.*

Attorney for Plaintiff / Relator
LEO GOLDBERG